IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IAN BARKLEY COLES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 22-3183-JWL |
| ) | |
| DON HUDSON, Warden, ) | |
| USP-Leavenworth, ) | |
| ) | |
| Respondent. ) | |
| ) | |
| _____) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner, a federal prisoner, challenges an alleged policy of the Bureau of Prisons (BOP) not to consider the transfer of a prisoner to a residential reentry center (RRC) until 17 to 19 months remain until the prisoner's release.  Because petitioner failed to exhaust administrative remedies, the petition is hereby **dismissed**.

The exhaustion of administrative remedies is a prerequisite for relief under Section 2241.  *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010).  BOP regulations set forth the administrative steps a prisoner must follow:  an attempt at informal resolution of a complaint; a formal request to the institution for an administrative remedy; a regional appeal; and a national appeal.  *See id.* (citing 28 C.F.R. §§ 542.13-.15).  Respondent argues (and provides evidence) that petitioner did not follow this administrative procedure as

required, and petitioner admits that he has not attempted to exhaust administrative remedies.

Petitioner argues that a futility exception to the exhaustion requirement applies here because he is challenging a policy's validity and not its application (although he seeks release to an RRC as relief). It is true that "[a] narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile." *See id.* The Tenth Circuit has rejected this exact argument for exception, however, holding that "a prisoner cannot do away with the exhaustion requirement simply by framing his habeas petition as an attack on a regulation's validity rather than its application," and that "[t]he relevant question remains whether it would be *futile* to require the prisoner to go through the BOP review process." *See id.* at 1204-05 (emphasis in original) (internal quotation and citation omitted). In *Garza*, the Tenth Circuit held that the petitioner had not shown that exhaustion would have been futile because no regulation prevented the BOP from granting him relief in the administrative process. *See id.* at 1205.

Petitioner has not shown that exhaustion would be futile in this case. Although he states that he was told he would not be considered for transfer to an RRC until 17 to 19 months remained before his release date, he has not cited any official policy of the BOP to that effect. *See id.* at 1204 (memoranda issued by the BOP in 2008 do not indicate that exhaustion of administrative remedies would be futile).[1] Nor has petitioner explained why

---

[1] The 2008 memoranda replaced earlier BOP policies regarding consideration of transfers to RRCs. *See Garza*, 596 F.3d at 1204. Thus, any reliance by petitioner on an older policy to show futility is unavailing.

the BOP could not have granted him his requested relief within the required administrative process. Petitioner has not cited any other basis for applying the futility exception; nor has he argued for application of any other exception to the exhaustion requirement. Accordingly, the Court concludes that petitioner was required to exhaust administrative remedies, and because he has not done so, the Court cannot consider the present petition for habeas relief.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **dismissed** on the ground that petitioner failure to exhaust administrative remedies.

IT IS SO ORDERED.

Dated this 29th day of November, 2022, in Kansas City, Kansas.

<u>/s/  John W. Lungstrum</u>
John W. Lungstrum
United States District Judge